UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-81662-CIV-DIMITROULEAS

SREAM, INC., a California Corporation,

    Plaintiff,

vs.

HABSA ENTERPRISE, INC., a Florida
Corporation,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT**

THIS CAUSE is before the Court upon Defendant Habsa Enterprise, Inc. ("Defendant" or "Habsa")'s Motion for Summary Judgment (the "Motion") [DE 40], filed herein on November 28, 2017. The Court has carefully considered the Motion, Plaintiff Sream, Inc. ("Plaintiff" or "Sream")'s Response [DE 46], Defendant's Reply [DE 47], the statements of material facts, exhibits and affidavits filed in the record, and is otherwise fully advised in the premises.

**I.     Background**

Plaintiff Sream commenced this action on September 29, 2016, against Defendant Habsa. [DE 1]. According to the allegations of the Complaint, Defendant sold counterfeit glass water pipe products that were branded with the "RooR" mark, of which Sream has been the exclusive licensee since at least August of 2013. ¶¶ 11, 12, 17-37. Sream alleges three claims against Defendant arising under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, as follows: Count I -Trademark Infringement, 15 U.S.C. § 1114; Count II - Trademark Counterfeiting, 15 U.S.C. §

1

1116; and Count III - False Designation of Origin/Unfair Competition, 15 U.S.C. § 1125(a). In Count IV, Plaintiff alleges a claim for violation of Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"). § 501.204, Fla. Stat.

Defendant moves for summary judgment as to all four counts of the Complaint. *See* [DE 40]. Plaintiff's Response "concedes that at this time it lacks sufficient evidence to establish standing for Count I and Count II of the Plaintiff's Complaint." [DE 46] at p. 1. Accordingly, the Court will grant Defendant's motion as to Counts I and II. The Court will now proceed to analyze Defendant's motion as to Counts III and IV.

## I.     Standard of Review

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears "the stringent burden of establishing the absence of a genuine issue of material fact." *Suave v. Lamberti*, 597 F. Supp. 2d 1312, 1315 (S.D. Fla. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

"A fact is material for the purposes of summary judgment only if it might affect the outcome of the suit under the governing law." *Kerr v. McDonald's Corp.*, 427 F.3d 947, 951 (11th Cir. 2005) (internal quotations omitted). Furthermore, "[a]n issue [of material fact] is not 'genuine' if it is unsupported by the evidence or is created by evidence that is 'merely colorable' or 'not significantly probative.'" *Flamingo S. Beach I Condo. Ass'n, Inc. v. Selective Ins. Co. of Southeast*, 492 F. App'x 16, 26 (11th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)). "A mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment; there must be evidence from which a jury could reasonably find for the non-moving party." *Id.* at 26-27 (citing *Anderson*, 477

2

U.S. at 252). Accordingly, if the moving party shows "that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party" then "it is entitled to summary judgment unless the nonmoving party, in response, comes forward with significant, probative evidence demonstrating the existence of a triable issue of fact." *Rich v. Sec'y, Fla. Dept. of Corr.*, 716 F.3d 525, 530 (11th Cir. 2013) (citation omitted).

## II.  Discussion

Based on nearly identical filings by the same attorneys in case no. 16-81780-civ-Marra, *Sream, Inc. v. Two Brothers Investment of Palm Beach, Inc.* (S.D. Fla) ("*Two Brothers*"), Judge Marra entered an order on January 29, 2018, denying the defendant's motion for summary judgment as to counts three and four. *See* [DE 63].   The Court agrees with Judge Marra's analysis and conclusions.

In Count III, Plaintiff alleges a claim for False Designation of Origin/Unfair Competition, 15 U.S.C. § 1125(a).   In Count IV, Plaintiff alleges a claim for violation of FDUPTA, § 501.204, Fla. Stat.

Defendant contends that it is entitled to summary judgment as to Plaintiff's unfair competition and FDUTPA claims on the grounds that Plaintiff lacks standing to pursue those claims.   Defendant relies on the Eleventh Circuit's approach to prudential standing in *Phoenix of Broward, Inc. v McDonald's Corp.*, 489 F.3d 1156, 1172 (11th Cir. 2007).   However, *Phoenix* was expressly abrogated by the Supreme Court in *Lexmark Int'l. Inc. v. Static Control Components, Inc.*, 134 S.Ct. 1377, 1387–88 (2014).   In *Lexmark*, the Supreme Court held that "prudential standing" is not a relevant inquiry in determining whether a plaintiff has standing to maintain a private damages action for a false advertising under section 1125(a) of the Lanham Act.

3

*Lexmark*, 134 S.Ct. at 1386-88.   Rather, a plaintiff has standing to pursue a claim under § 1125(a) if the plaintiff's interests fall within the "zone of interests" of that statute based upon "an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations." *Lexmark*, 134 S.Ct. at 1395.

Accordingly, in order to be entitled to summary judgment as to the issue of standing, Defendant must show that there are no material facts in dispute and that, as a matter of law, there was no damage to Plaintiff Sream's commercial interest in sales or reputation.   However, Defendant has not submitted record evidence that there was no injury to Plaintiff's commercial interest.   In contrast, Plaintiff has set forth record evidence that Defendant's action resulted in confusion in the marketplace and among consumers, and actual loss, including loss of consumer good-will, reputation, and lost profits. *See* [DE 46-6] at ¶¶ 15-21; [DE 46-1] at pp. 84-85, 104. Accordingly, when the record evidence is viewed in the light most favorable to Plaintiff, the non-moving party, Defendant's motion for summary judgment on the issue of standing as to the § 1125(a) claim in Count III must be denied.   Moreover, as Defendant's motion relies on failure of the § 1125(a) claim as the reason that the FDUTPA claim should also fail, *see* [DE 40] at p. 10, the Court denies the motion for summary judgment as to Count IV as well.

Finally, the Court disagrees with Defendant's position that Plaintiff's claims in Florida are barred by the "unlawful use doctrine."   First, § 865.09, Fla. Stat. ("fictitious name registration") does not appear to apply to Plaintiff, a California corporation with its primary place of business in California and no offices or employees in Florida. *See, e.g.*, *Davis Tune, Inc. v. Precision Franchising, LLC.*, No. 3:05CV97/RV, 2005 WL 1204618, at *1 (N.D. Fla. May 20, 2005) (explaining out-of-state corporations do not fall within Florida's statutory definition of

4

"transacting business in Florida" so as to prevent the Florida statute from violating the Constitution's Commerce Clause). Additionally, as Judge Marra noted in *Two Brothers*:

> "The 'unlawful use doctrine' appears almost exclusively in the administrative setting, originating in United States Trademark Trial and Appeal Board proceedings to oppose trademark applications or cancel registrations." *FN Herstal SA v. Clyde Armory Inc.*, 838 F.3d 1071, 1086 (11th Cir. 2016), *cert. denied*, 137 S. Ct. 1436 (2017). The doctrine has not been adopted by the Eleventh Circuit. *Id.* at 1087.

*See Two Brothers,* case no. 16-81780-civ-Marra, (S.D. Fla. Jan. 29, 2018) at p. 5, n.2.

### III.    Conclusion

Based upon the foregoing, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment [DE 40] is **GRANTED** as to Counts I and II and **DENIED** as to Counts III and IV.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 30th day of January, 2018.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:
Counsel of record